**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S Corbett Avenue, Suite 200
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **NOAH YODER**, <br><br> Plaintiff, <br><br> v. <br><br> **CORVALLIS SCHOOL DISTRICT 509J**, by and through the CORVALLIS SCHOOL DISTRICT BOARD, an Oregon public school entity; **RYAN NOSS**, Superintendent, in his Official and Individual Capacities; **MATT BORING**, Principal, in his Official and Individual Capacities; **CHARLYN ELLIS**, Language Arts Teacher, in her Official and Individual Capacities; **GREATER ALBANY SCHOOL DISTRICT 8J** by and through the CORVALLIS SCHOOL DISTRICT BOARD, an Oregon public school entity; <br><br> Defendants. | Case No. 6:25-CV-2237 <br><br> **COMPLAINT** <br> (42 USC § 2000(d)-Racial Discrimination; 42 USC § 1983 Equal Protection; ORS 659.850 Discrimination; Negligence) <br><br><br><br><br><br> DEMAND FOR JURY TRIAL |

Page 1 – **COMPLAINT**

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

### 1.

Federal Court jurisdiction exists under 28 USC § 1331 and 28 USC § 1343. Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

### 2.

Venue is proper in the U.S. District Court of Oregon, Eugene Division because all acts alleged herein occurred in Benton and Linn Counties, Oregon.

## PARTIES

### 3.

At all material times, Plaintiff Noah Yoder was a resident and domiciliary of Linn County, Oregon and was a student at Defendant Greater Albany School District 8J, and subsequently at Defendant Corvallis School District 509J.

### 4.

At all material times, Defendant Corvallis School District 509J by and through the Corvallis School District 509J Board (collectively "CSD"), is and was an Oregon public corporate entity doing business in Benton County, Oregon.

### 5.

At all material times, Defendant Ryan Noss is and was the Superintendent of CSD, acting in his official and individual capacities working within Benton County, Oregon. During all material times, the Superintendent was an agent or employee of CSD, acting or failing to act within the scope, course, and authority of his employment and his employer.

Page 2 – **COMPLAINT**

6.

At all material times, Principal Matt Boring, in his official and individual capacities, was the Principal of School within CSD in Benton County, Oregon.  During all material times, the Principal was an agent and/or employee of CSD, acting or failing to act within the scope, course, and authority of his employment and his employer.

7.

At all material times, Defendant Charlyn Ellis in her official and individual capacities, was a language arts teacher at Corvallis High School within CSD in Benton County, Oregon. During all material times, Ms. Ellis was an agent and/or employee of CSD, acting or failing to act within the scope, course, and authority of her employment and her employer.

8.

At all material times, Defendant Greater Albany School District 8J by and through the Greater Albany School District 8J Board (collectively "GASD"), is and was an Oregon public corporate entity doing business in Linn County, Oregon.

**STATEMENT OF FACTS**

9.

CSD and GASD are public school districts and operate and are responsible for their respective schools and programs.  CSD and GASD provide public school education from kindergarten through the twelfth grade pursuant to ORS 332.072.

10.

CSD and GASD warrant and accept the burden and responsibility of keeping students safe from discrimination and harassment by and through their adopted school board policies.

Page 3 – **COMPLAINT**

11.

CSD and GASD warrant and accept the burden and responsibility of not discriminating and harassing students based on race which would impact educational opportunities and services offered to students, educational offerings and materials, and student discipline.

12.

Prior to entering CSD Plaintiff experienced many instances of racial discrimination by educators in GASD.  Plaintiff knelt during the Pledge of Allegiance in solidarity with Colin Kaepernick which several teachers then admonished Plaintiff for exercising his protected First Amendment expression.  Ultimately, a white GASD teacher delivered a speech during a school assembly of why we stand during the pledge of allegiance.  Another white teacher, refused to address Plaintiff by his Ethiopian name, made cutting comments toward him, and lied and falsely accused Plaintiff of being in the hall during class or when he was not supposed to be in the hallway.  The teacher gave Plaintiff a detention.  The teacher was proved a liar after viewing hallway video.  Nevertheless, the teacher said that if Plaintiff, a Black student, "gets away with this, he will think he can get away with anything." which is nothing more than a racist trope.

13.

At GASD, Plaintiff endured the following frequently made statements by his peers:

I don't want to play with your fucking nigger ass friend;

Nigger jitsu;

Keeping a tally of Plaintiff being a "racist;"

My dad won't let me play with Black people;

Black piece of shit;

Nigger;

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

Monkey;

Starvin Marvin;

Just because you're Black doesn't mean you have rights;

Why do Black people play basketball?  Because they like to steal.

If you're not patriotic maybe you should go to the Confederate states because they weren't either;

Black and brown are the least favorite colors;

Black people can't swim;

Black people are only good for picking cotton;

GASD's employees, teachers, and administrators would not react, discipline, and surprisingly never hear a derogatory word or comment by any of the students despite loud laughter and other reactions by Plaintiff's classmates.  In other words, GASD and its employees, teachers, and administrators intentionally chose to ignore the blatant racism and racially hostile education environment to Plaintiff's detriment and harm.

14.

In addition to GASD condoning this verbally racially hostile education environment, it also condoned a physically violent racially hostile education environment.  Students would spit, push, pick at Plaintiff's hair without reprimand, correction, or consequence.  In October 2021 students chased Plaintiff around the classroom and when Plaintiff falls, a student gets on top of him and starts humping him.  Another student says "let's rape Noah."  GASD chose not supervise students in the classroom, chose not discipline the assaulting students, and chose not to enforce their hazing and harassment policy when additional students harassed Plaintiff with sexual gestures following the incident.  GASD excused and condoned the behavior.

Page 5 – **COMPLAINT**

15.

As a result of the racial and sexual harassment within GASD, Plaintiff transferred to Defendant Corvallis School District and began attending Linus Pauling Middle School.

16.

Within weeks of beginning to attend CSD, Plaintiff was assaulted by two students based on false rumors of that Plaintiff had made a girl uncomfortable. These two students waited outside the gym for the lunch bell to ring, then when Plaintiff appeared the students jumped him. The two students were punching Plaintiff and slamming his head against the wall while calling him a nigger and other closely related racial slurs. After the assault was broken up, the student continued to yell racial slurs. Plaintiff suffered a concussion and subsequently missed a substantial amount of school. Plaintiff did not fight back because he feared the consequences of the CSD teachers and administration based on his prior educational experience. Those fears were realized as there is no evidence that the two students received any meaningful punishment.

17.

Upon entering Corvallis High School, Principal Matt Boring is informed of Plaintiff's prior racial experiences and trauma.

18.

Plaintiff experienced racial discrimination by CSD. On October 17, 2023 Plaintiff Suspended after being accused of making harassing comments toward transgendered students. CSD employee Justin Volker intentionally omitted facts from Plaintiff's interview, failed to investigate, and did not interview other student witnesses. Principal Matt Boring never spoke with Plaintiff, but stated "I do not believe Noah." Principal Matt Boring excluded Plaintiff from

Page 6 – **COMPLAINT**

participating in homecoming due to the suspension on Plaintiff's school record. CSD chose to delete the suspension in November 2023 without explanation.

19.

Plaintiff was the recipient of a racist comment on October 18, 2023 which CSD and its employees chose not to address.

20.

During Plaintiff's literature class with teacher Ms. Amy Knoke a derogatory negative racist comment was made about the Black Panthers which was directed specifically at Plaintiff without being addressed by Ms. Knoke in violation of Board Policy JBB. Ms. Knoke's treatment of Plaintiff was substantial enough that other students commented "Does she think you're stupid."

21.

During Plaintiff's chemistry class teacher graded Plaintiff's work lower than his lab partner. Plaintiff and his lab partner wrote identical word-for-word lab reports and Plaintiff, who is black, and his lab partner, who was white, received different scores with Plaintiff receiving the lower score. Chemistry teacher Ms. Marceau consistently gave Plaintiff lower grades than his classmates without explanation or justification.

22.

In November 2023 Plaintiff is referred to a "Noah Kanigga." CSD and Principal Boring and their teachers and employees choose not to address the ongoing racist comments.

23.

In January 2024 teacher Ms. Kaufman disciplined Plaintiff for eating in her class. Ms. Kaufman's rule is no eating in class. Another student brought box of pizza to class, ate, and

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon 97239
503.922.2243

gave the left overs to Plaintiff.  Plaintiff admittedly was eating in class.  Ms. Kaufman publicly

disciplined him for breaking her rule and confiscated the pizza.  The student that brought the

pizza to class and ate it was not disciplined.  The next week Plaintiff took a video of a student

eating in class with Ms. Kaufman next to the student.  The student was not publicly called out,

disciplined, and his food was not confiscated.  Plaintiff observed many students in Ms.

Kaufman's class eating in and during her class without consequence.

24.

In March 2024 a group of CSD students created this flyer and delivered it to Plaintiff:



The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

25.

When handed to him, Plaintiff viewed and handed it back.  By the end of the school day it was redelivered to Plaintiff with a student signing it "nigga."  CSD chose not to take any action concerning this racist incident.

26.

In addition to the above note, many CSD bombarded Plaintiff's social medial during school with the following:



The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243





Page 10 – **COMPLAINT**





Page 11 – **COMPLAINT**

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243





The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243



The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243





Page 15 – **COMPLAINT**





Page 16 – **COMPLAINT**





Page 17 – **COMPLAINT**



The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243





Page 19 – **COMPLAINT**





Page 20 – **COMPLAINT**





Page 21 – **COMPLAINT**





Page 22 – **COMPLAINT**





Page 23 – **COMPLAINT**





Page 24 – **COMPLAINT**





Page 25 – **COMPLAINT**





Page 26 – **COMPLAINT**





Page 27 – **COMPLAINT**







Page 30 – **COMPLAINT**



The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243





Page 32 – **COMPLAINT**



sorry he escaped my basement

27.

CSD and Principal Boring chose not to investigate the ongoing pervasive racist attacks upon Plaintiff during school by Plaintiff's white peers. CSD, Superintendent Noss, Principal Boring intentionally chose to not investigate or follow-up with potential witnesses or perpetrators. Principal Boring went through the motions of addressing some students as a group on one occasion, but the students naturally denied being involved. Then Principal Boring flatly stated there was nothing more he could do.

28.

Principal Boring's racist application of the same CSD discipline matrix are reflected by his unquestioning acceptance of white students' denials of racist attacks, but immediate

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

suspension of Plaintiff, a Black student, after one alleged comment to a transgendered student, which Plaintiff denied.

29.

As of at least April 10, 2024 Principal Boring is fully aware and admits that Plaintiff "has had some awful treatment at the hands of peers." CSD and Principal Boring continue to choose not to address the racism and harassment directed at Plaintiff.

30.

Principal Boring's choices to not act communicated to Plaintiff, CSD employees, agents, and volunteers, and most importantly, to the white student body that racism will go uninvestigated, unpunished, and is the accepted culture of CSD.

31.

Superintendent Noss was aware of all of the above facts and incidents and chose not to take any corrective action and supported Principal Boring condoning the racially hostile education environment within CSD.

32.

In Spring 2025 in Defendant Charlyn Ellis literature class, she paired Plaintiff with a student who was known to her and Principal Boring as unreliable. Ms. Ellis assigned an "easy A" mobile art/literature project. Plaintiff's partner was to provide materials for the mobile and Plaintiff was to put it together and turn it own. Plaintiff's partner left town and provided no materials to Plaintiff. Ms. Ellis blamed Plaintiff for not bugging his partner more. Plaintiff was in communication and had texted his partner the night before to confirm he was doing his part. Plaintiff received an F grade from Ms. Ellis.

Page 34 – **COMPLAINT**

33.

Ms. Ellis presented a topics connected to Colson Whitehead's *The Underground Railroad*

and students were again paired and instructed to draw topics out of a hat.  Plaintiff was absent on

the day topics were drawn from the hat, but his partner drew the topic of lynching.  Plaintiff was

the only Black student assigned this topic.  Ms. Ellis instructed Plaintiff to look up the "lynching

museum" for material.  Notably, there is no such museum by that name.  The National Memorial

for Peace and Justice in Montgomery, Alabama does exist to remember the more than 4,400

Black people killed in racial terror lynchings between 1877 and 1950.  Ms. Ellis provided no

support, context, or alternative to Plaintiff for approaching the topic of lynchings.

34.

Ms. Ellis gave Plaintiff a "D" on his final assignment and lowered his grade from a "B"

to a "C."  There was no feedback indicating any shortcoming in following the assignment, the

rubric, or reasoning behind the grade.  Ms. Ellis retaliated and discriminated against Plaintiff

based on his race and mother's advocacy.

35.

Plaintiff provided a tort claim notice to Defendants via several formal complaints and

exhausting administrative remedies.

**FIRST CLAIM FOR RELIEF**

Against Defendant CSD

(42 USC § 2000d – Discrimination)

36.

Plaintiff alleges and incorporates by reference paragraphs 3 through 35 above.

Page 35 – **COMPLAINT**

37.

Under the Title VI of the Civil Rights Act, No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

38.

Defendants were all state actors acting under the color of state law.  Defendants are in a special relationship with their students and carries the burden and responsibility with a heightened duty to assure for their students' safety and wellbeing including Plaintiff.  CSD's Superintendent, administrators, teachers, employees, and agents are required to adhere and meet minimum competency and ethical standards.  CSD adopted policies concerning the safety, protection, and wellbeing of their students including Plaintiff from racial discrimination.

39.

CSD receives Federal financial assistance in excess of $10,000,000.00 in its 2023-24 and 2024-25 academic years.

40.

The ongoing and pervasive racial discrimination by CSD and its students was severe, pervasive, and objectively offensive that it deprived Plaintiff of educational opportunities and growth and benefits provided by the federally funded CSD.

41.

CSD's action and inaction demonstrate a racially hostile education environment which it not only condoned, but furthered by the intentional inaction of Principal Boring, and ongoing intentional discrimination by its Superintendent, administrators, and teachers, as well as

Page 36 – **COMPLAINT**

permitting and not disciplining ongoing racist harassment amongst the student body.  Thereby intentionally communicating acceptance of and promoting a racially hostile education environment.

42.

CSD was on notice and received complaints from Plaintiff's mother, so much so that Principal Boring labeled her paranoid and wary.  Rather than address the discriminatory acts occurring in his high school by the student body and teachers, Principal Boring and Superintendent Noss chose to do nothing.  Choice implicates intent.  CSD had actual knowledge of the acts of discrimination by its student body and teachers.

43.

CSD was on notice of the acts of discrimination and harassment and did not investigate or discipline any person for those acts despite having actual knowledge.  CSD was deliberately indifferent to the discrimination and harassment Plaintiff was experiencing which was clearly unreasonable in light of the known circumstances.

44.

Plaintiff has suffered emotional distress and psychological damage, and his character and standing in the community have suffered as a direct and proximate result of CSD's deliberate indifference to his rights under Title VI all to Plaintiff's noneconomic damage in an amount to be determined by the jury at trial.

45.

Pursuant to 42 USC § 1988, Plaintiff is entitled to an award of his attorney fees and costs incurred in this action.

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

**SECOND CLAIM FOR RELIEF**

Against Defendant CSD

(42 USC § 1983 Equal Protection)

46.

Plaintiff alleges and incorporates by reference paragraphs 3 through 45 above.

47.

Pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to equal protection of the law. Plaintiff has a constitutionally protected liberty and property interest in an education free of racial discrimination.

48.

While acting under the color of state law, CSD acted in a discriminatory manner as described above, and deprived Plaintiff of the right to attend school free of overt, pervasive, and officially countenanced racial harassment. After receiving multiple notices of severe, pervasive, and continuing racial harassment and a racially hostile environment, CSD intentionally refused to take any effective and reasonable steps to eliminate the known racial harassment directed at Plaintiff by a number of other students.

49.

The lack of response from CSD and its employees to Plaintiff's complaints and reports demonstrated a custom or policy of deliberate indifference by failing to train teachers and educate students about racial discrimination, by refusing to address complaints of racial harassment, by failing to implement or enforce the school district's policy prohibiting discrimination, and by failing to establish a process through which complaints of racial

Page 38 – **COMPLAINT**

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

harassment would be investigated and problems remedied. The agents of CSD, acting under color of state law, followed this custom or policy—a longstanding practice that constituted the standard operating procedure of CSD—in refusing to act on Plaintiff's complaints and reports of racial harassment. Additionally, in his in refusal to require any training on racial harassment, the actions by CSD's Superintendent—the final policymaker for the district in this respect—represented the actions of a final policymaking official that are attributable to the CSD under Section 1983.

50.

As a result of CSD's intentional countenancing of a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

51.

Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

52.

The conduct of CSD showed a reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff is entitled to an award of punitive damages against CSD in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

*Against Noss, Boring, and Ellis in their individual capacities*

(42 USC § 1983 Equal Protection)

53.

Plaintiff alleges and incorporates by reference paragraphs 3 through 52 above.

Page 39 – **COMPLAINT**

54.

Pursuant to the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to equal protection of the law. Plaintiff has a constitutionally protected liberty and property interest in an education free of racial discrimination.

55.

The personal, specific, intentional actions of each of these individual Defendants regarding their response to Plaintiff's complaints of racial harassment, described fully above, were undertaken under color of state law, and deprived Plaintiff of his constitutional right to equal protection under the law.

56.

The actions of the individual Defendants demonstrated deliberate indifference to Plaintiff's constitutional rights by ignoring or failing to remedy the persistent and severe racial harassment of Plaintiff.  Plaintiff was denied equal protection of the law through these individual Defendants' deliberate indifference.

57.

As a result of individual Defendants' deliberate indifference to a racially hostile school environment, Plaintiff has incurred economic and non-economic damages in an amount to be proven at time of trial.

58.

The conduct of the individual Defendants showed a reckless or callous indifference to the federally protected rights of Plaintiff. Plaintiff is entitled to an award of punitive damages against the individual defendants in an amount to be proven at trial.

59.

Page 40 – **COMPLAINT**

Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF

(ORS 659.850 Race Discrimination)

60.

Plaintiff alleges and incorporates by reference paragraphs 3 through 59 above.

61.

Plaintiff as a Black student at CSD was the unwilling participant and subject of near daily racist incidents by students and staff and administrators.

62.

Plaintiff filed a grievance with CSD and ODE and brings this action within one year of the filing of that grievance pursuant to ORS 659.860.

63.

As a direct and foreseeable result of the discrimination within CSD, Plaintiff was injured in an amount to be proved at trial.

64.

Plaintiff is entitled to recover his attorney fees and costs pursuant to ORS 659.860(7).

## FIFTH CLAIM FOR RELIEF

(Negligence)

65.

Plaintiff realleges and incorporates by reference paragraphs 1 through 64 above.

Page 41 – **COMPLAINT**

66.

Plaintiff and CSD are in a special relationship of educators to student.  Plaintiff was entrusted to CSD's care and it has the special duty to assure his safety and well being through close supervision during school hours and on school grounds.

67.

CSD's lack of supervision breached its duties of care to its students, including Plaintiff, which breach allowed for his injuries to occur.

68.

Plaintiff was harmed and injured when he was racially discriminated against by students, teachers, and administrators at school, during school hours, and on school grounds. CSD's employees and agents participated in some acts of racial discrimination and openly tolerated condoned and therefore supported a hostile racist educational environment which lacked reasonable supervision.

69.

Plaintiff's injuries were due in whole or in part to the negligent acts and omissions of CSD in one or more of the following respects:

a.      In failing to supervise its students;

b.      In failing to inform students, teachers, and administrators of CSD's racial harassment policies;

c.      In failing to implement CSD's racial harassment policies;

d.      In failing to implement anti-racist curriculum within CSD;

e.      In failing to supervise and keep students, teachers, and administrators from harassing Plaintiff based on his race;

Page 42 – **COMPLAINT**

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

      f.      In failing to discipline students, teachers, and administrators in accordance with CSD's policies on racial harassment;

      g.      In failing to discipline students, teachers, and administrators in accordance with CSD's policies on racial harassment, CSD communicated to its students, teachers, administrators, employees, and agents that its anti-racist and harassment policies are meaningless and will not be implemented and that overt racism is acceptable within its schools;

      h.      In failing to train its employees and agents on supervising students; and

      i.      In failing to train its employees and agents on adequately responding to racism.

70.

As a direct and foreseeable result of CSD's negligence as set forth above, Plaintiff was injured and traumatized and emotionally distressed all to his economic and non-economic damages in an amount to be proved at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      For economic damages in an amount to be determined at trial;

2.      For compensatory damages in an amount to be determined at trial;

3.      For punitive damages in an amount to be determined at trial;

The Brague Law Firm
4504 S. Corbett Avenue, Suite 250
Portland, Oregon  97239
503.922.2243

4.      For Plaintiff' s attorney fees (Sec. 1988 and ORS 659.860) and costs; and

5.      For all such other relief as the court shall deem equitable and just.


DATED this 3rd day of December, 2025.
.

                              THE BRAGUE LAW FIRM

                              By _____
                                  Kevin C. Brague, OSB No. 050428
                                  kevin@braguelawfirm.com
                                  4504 S. Corbett Avenue, Suite 250
                                  Portland, Oregon 97239
                                  t: 503.922.2243
                                  f: 503.296.2046
                                  Attorney for Plaintiff

Page 44 – **COMPLAINT**